IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TARRENCE COBB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:20-CV-50-WHA |
| ) | |
| BILL FRANKLIN, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Tarrence Cobb, an indigent inmate, in which he challenges the constitutionality of conditions at the Elmore County Jail. Doc. 1 at 2–3. Cobb names Bill Franklin, the Sheriff of Elmore County, Alabama, Warden Henline, the jail's warden, the Elmore County Sheriff's Department, the Elmore County Jail and all its staff members as defendants in this cause of action. Cobb seeks a declaratory judgment and injunctive relief for the alleged violations of his constitutional rights. Doc. 1 at 3.

After a thorough review of the complaint, the undersigned concludes that the claims lodged against the Elmore County Sheriff's Department, the Elmore County Jail and the unnamed jail staff are due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915A.[1]

---

[1] In any civil action filed by a prisoner, this court is obligated to screen the complaint under the provisions of 28 U.S.C. § 1915A. This screening procedure requires that "the court . . . dismiss the complaint, or any

## I. DISCUSSION

### A. The Elmore County Sheriff's Department

Initially, with respect to the plaintiff's claims against the Elmore County Sheriff's Department, this department, "is not a legal entity and, therefore, is not subject to suit or liability under section 1983." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992); *King v. Colbert County*, 620 So.2d 623, 626 (Ala. 1993) ("The Colbert County Sheriff's Department is not a legal entity. Therefore, one cannot maintain an action against it.").

### B. The Elmore County Jail and Staff

A county jail is merely a building which is not a legal entity nor a person within the meaning of § 1983, and, therefore, is not subject to suit or liability in an action proceeding under 42 U.S.C. § 1983. *See Dean*, 951 F.2d 1214; *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65 (1989). Insofar as Cobb merely names the "complete staff" at the Elmore County Jail as defendants in the style of the case, Doc. 1 at 1, this type of "fictitious-party pleading is not [generally] permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010); *New v. Sports & Recreation, Inc.,* 114 F.3d 1092, 1094 n. 1 (11th Cir.1997). Since Cobb does not name, much less make specific allegations against the unidentified staff members as required by the basic rules of pleading, *see Bell Atlantic*

---

portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(a) & (b)(1)-(2) .

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Rule 8(a)(2), Federal Rules of Civil Procedure, the claims against these unidentified defendants should be dismissed.[2]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Elmore County Sheriff's Department and the Elmore County Jail be DISMISSED with prejudice pursuant to the provisions of 28 U.S.C. § 1915A.

2. The plaintiff's claims against the "complete staff" of the Elmore County Jail be summarily DISMISSED without prejudice because the plaintiff fails to adequately identify the individual he seeks to sue and does not present any specific factual allegations as to these unidentified staff members.

3. This case, with respect to the plaintiff's claims against Bill Franklin and Warden Henline, be referred back to the undersigned Magistrate Judge for further appropriate proceedings.

On or before **February 7-, 2020**, the plaintiff may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which he objects. Frivolous, conclusive or general

---

[2]Cobb is advised that if he seeks to name additional individual staff members as defendants he may do so by filing an amendment to the complaint which provides the true name of each individual he believes acted in violation of his constitutional rights and specifically states how each named individual violated his constitutional rights.

objections will not be considered by the District Court. The plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993)("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 24th day of January, 2020.


　　　　　　　　　　　　　　/s/ Charles S. Coody
　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE