IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TARRENCE COBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:20-CV-50-WHA |
| | ) | |
| BILL FRANKLIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION[1]

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Tarrence Cobb, an inmate confined in the Elmore County Jail on several pending criminal charges.  In this case, Cobb challenges the constitutionality of conditions at the jail.  Doc. 1 at 2.  The defendants remaining in this case are Bill Franklin, the Sheriff of Elmore County, Alabama, and Mike Henline, the Warden of the Elmore County Jail.

The defendants filed a special report and supporting evidentiary materials addressing the claims presented by Cobb.  In these filings, the defendants deny they acted in violation of Cobb's constitutional rights and further argue that this case is due to be dismissed because prior to filing this case Cobb failed to properly exhaust an administrative remedy available to him at the Elmore County Jail addressing the claims presented in the

---

[1]All documents and attendant page numbers cited herein are those assigned by the Clerk of this court in the docketing process.

complaint.  Doc. 12 at 7–11; Doc. 12-1 at 6.  The defendants base their exhaustion defense on Cobb's failure to file a grievance regarding any of the claims presented in the complaint. *Id*.

Upon receipt of the defendants' special report, the court issued an order providing Cobb an opportunity to file a response to this report.  Doc. 13.  This order directed Cobb to address "the defendants' arguments that:  1.  His claims are due to be dismissed because he failed to exhaust his available administrative remedies [prior to filing this case] as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") . . .; and 2.  He is entitled to no relief on the claims presented herein as he failed to establish that the challenged actions violated his constitutional rights."  Doc. 13 at 1–2.  The order also advised Cobb that his response should be supported by affidavits, declarations/statements made under penalty of perjury, and/or other appropriate evidentiary materials.  Doc. 13 at 3.  The order further cautioned Cobb that unless "sufficient legal cause" is shown within fifteen days of entry of this order "why such action should not be undertaken, . . . the court may at any time [after expiration of the time for his filing a response] and without further notice to the parties (1) treat the special report and any supporting evidentiary materials as a motion to dismiss or motion for summary judgment, whichever is proper, and (2) after considering any response as allowed by this order, rule on the motion in accordance with the law."  Doc. `1 at 4 (emphasis in original and footnote omitted).  Cobb filed no response to this order.

Pursuant to the aforementioned order, the court deems it appropriate to treat the report filed by the defendants as a motion to dismiss with respect to the exhaustion defense. Thus, this case is now pending on the defendants' motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1374–75 (11th Cir. 2008) (internal quotations omitted) ("[A]n exhaustion defense . . . is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."); *Trias v. Florida Dept. of Corrections*, 587 F. App'x 531, 534 (11th Cir. 2014) (holding that the district court properly construed the defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies[.]").

## II.  STANDARD OF REVIEW

In addressing the requirements of 42 U.S.C. § 1997e with respect to exhaustion, the Eleventh Circuit has

> recognized that "[t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court." *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (quoting *Freeman v. Francis*, 196 F.3d 641, 643-44 (6th Cir. 1999)). This means that "until such administrative remedies as are available are exhausted," a prisoner is precluded from filing suit in federal court. *See id.* (affirming dismissal of prisoner's civil rights suit for failure to satisfy the mandatory exhaustion requirements of the PLRA); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) ("reaffirm[ing] that section 1997e(a) imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies" before ***filing*** suit in federal court), *modified on other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc); *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that under the PLRA's amendments to § 1997e(a), "[a]n inmate incarcerated in a state prison . . . must first comply with the grievance procedures established by the state

3

department of corrections before filing a federal lawsuit under section 1983."); *Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (affirming dismissal of prisoner's civil suit for failure to satisfy the mandatory exhaustion requirements of § 1997e(a)); *Alexander v. Hawk*, 159 F.3d 1321, 1328 (11th Cir. 1998) (affirming dismissal of prisoner's *Bivens* action under § 1997e(a) for failure to exhaust administrative remedies prior to filing suit in federal court).

*Leal v. Georgia Dept. of Corrections*, 254 F.3d 1276, 1279 (11th Cir. 2001) (emphasis in original). The Eleventh Circuit further determined that "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case. *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004). Because exhaustion is mandated by the statute, [a federal court has] no discretion to waive this requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325–26 (11th Cir. 1998)." *Myles v. Miami-Dade County Correctional and Rehabilitation Dept.*, 476 F. App'x 364, 366 (11th Cir. 2012). This court must therefore "resolve this issue first." *Id*.

When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. "If in that light, the defendant[s] [are] entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (citing *Bryant,* 530 F.3d at 1373–74). If the complaint is not subject to dismissal at this step, then the court should make "specific findings in order to resolve the disputed factual issues related to exhaustion." *Id*. (citing *Bryant*, 530 F.3d at 1373–74, 1376).

*Myles*, 476 F. App'x at 366. Consequently, a district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. *See* [*Turne*r, 541 F.3d at 1082]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so

4

does not decide the merits, and the parties have a sufficient opportunity to develop the record. *Bryant*, 530 F.3d at 1376." *Trias*, 587 F. App'x at 535. Based on the foregoing, the Eleventh Circuit specifically rejected the argument that "disputed facts as to exhaustion should be decided by a jury" or other trier of fact after a trial. *Id.*

Upon review of the complaint, the defendants' special report and the evidentiary materials filed in support thereof, the court concludes that the defendants' motion to dismiss is due to be granted.

## III. DISCUSSION

Cobb challenges the constitutionality of conditions at the Elmore County Jail. In their response, the defendants adamantly deny they acted in violation of Cobb's constitutional rights and also assert that this case is subject to dismissal because Cobb failed to properly exhaust the administrative remedy provided to inmates at the Elmore County Jail prior to filing the instant complaint as required by the Prison Litigation Reform Act 42 U.S.C. § 1997e(a).

The PLRA compels proper exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies."

*Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  "The PLRA strengthened [the exhaustion] provision [applicable to inmate complaints] in several ways.  Exhaustion is no longer left to the discretion of the district court, but is mandatory.  Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards.  Indeed, as [the Supreme Court] held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought—monetary damages—cannot be granted by the administrative remedies."  *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (internal citation omitted).

Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Bryant*, 530 F.3d at 1373; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998). "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion."  *Ross v. Blake*, --- U.S. ---, ---, 136 S.Ct. 1850, 1857 (2016). However, "[a] prisoner need not exhaust remedies if they are not 'available.'"  *Id*. at 1855. Generally, a remedy is "available" when it has "'sufficient power or force to achieve an end,' [or is] 'capable of use for the accomplishment of a purpose[.]'"  *Booth*, 532 U.S. at 737.   Moreover, "the PLRA exhaustion requirement requires proper exhaustion." *Woodford*, 548 U.S. at 93.  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court]

because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings. . . .  Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage."  548 U.S. at 90–91, 93.  The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him.  548 U.S. at 83–84; *Bryant*, 530 F.3d at 1378 (holding that to exhaust administrative remedies in accordance with the PLRA, prisoners must "properly take each step within the administrative process."); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (holding that an inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom*, 223 F.3d at 1261 (holding that an inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement).  "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint."  *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012).

It is undisputed that the Elmore County Jail provides an administrative remedy for inmate complaints in the form of an inmate grievance process.  Doc. 12-2 at 36–39.  In addition, the evidentiary materials filed by the defendants, which are uncontradicted, demonstrate that Cobb has had access to the grievance procedure at all times while confined in the Elmore County Jail — i.e., the procedure was available to him prior to filing this lawsuit.  The jail's grievance procedure allows an inmate to submit grievances to jail personnel with respect to matters occurring during their incarceration at the jail. Doc. 12-2 at 36 ("The purpose of this policy is to provide inmates of this facility with the ability to bring legitimate complaints and concerns to the attention of the jail staff so that corrective action may be taken where warranted. . . . [A]ll inmates have the individual ability to bring complaints, concerns, and other issues to the attention of the jail staff.  An inmate with a complaint, concern, or other issue regarding any aspect of his or her incarceration is encouraged and expected to bring the matter to the attention of the jail staff.").  The relevant portion of the grievance procedure provides as follows:

> [With the exception of a grievance of an emergency nature, i.e., a grievance warranting immediate attention to prevent a breach of institutional security or serious harm to inmates or staff], grievances are to be made in writing. An inmate with a grievance may request a grievance form . . . from any member of the jail staff.  The staff member shall provide [a] copy of the grievance form to the inmate and take it back from the inmate after a reasonable amount of time has elapsed for the inmate to complete the form. Grievances may be filed on a request form.  All grievances must be filed within fourteen days[] of the incident complained of.
>
> Where a grievance is of an emergency nature, it may be made orally to any staff member.  A grievance is an "emergency" when the subject of the grievance, if left un-addressed, has a strong likelihood of resulting in a breach

of security, serious physical harm to any person; and/or serious harm to the
health of any person. The determination of whether an inmate's complaint is
an emergency is left to the discretion of the staff member responding to the
grievance.   As with a written grievance, the staff member receiving an[]
emergency oral grievance will attempt to address the problem at his or her
level. If the staff member cannot address the oral grievance, he or she shall
elevate the grievance to the next person in the chain of command until it
reaches a staff member with the appropriate authority to address the
grievance. Once the grievance is addressed, the staff member making the
final decision shall document in the inmate's [jail] file the following
information: (a) date and time the grievance was made; (b) description of the
grievance; (c) action taken if any by the staff member; (d) date and time the
inmate was informed of the action taken, if any.   The staff member
addressing the grievance will sign this document.

\* \* \*

If an inmate is unsatisfied with the response to his written or oral grievance,
he or she may appeal the decision as follows:

> a.  **Grievance responded to by any member of the jail staff other
> than the jail administrator**.  The inmate must, within 24 hours,
> submit a written appeal to the jail administrator on a separate
> grievance form.  The appeal must state the nature of the grievance,
> the action taken, if any, by the jail staff, and the action the inmate
> wishes the jail administrator to take.  Upon receipt of an appeal, the
> jail administrator shall determine whether the appeal has merit and
> take the action, if any, which is appropriate.   Regardless of the
> decision, the jail administrator shall inform the inmate of the
> decision.  The jail administrator shall document in the inmate's jail
> file the appeal decision along with the date and time the inmate was
> notified.   The jail administrator will sign this document.   If the
> inmate is dissatisfied with the outcome of the appeal, he or she may,
> within 24 hours, appeal the decision in writing to the Chief Deputy
> as set forth [herein].

> b.  **Grievance responded to by the jail administrator or appeal of
> an appeal to the jail administrator**.  The inmate must, within 24
> hours of the jail administrator's decision, submit a written appeal to
> the Chief Deputy on a separate grievance form.  The appeal must
> state the nature of the grievance, the action taken, if any, by the jail

staff and/or jail administrator, and the action the inmate wishes the Chief Deputy to take.  Upon receipt of an appeal, the Chief Deputy shall determine whether the appeal has merit and take the action, if any, which is appropriate.  Regardless of the decision, the Chief Deputy shall inform the inmate of the decision either personally, in writing, or through a member of the jail staff delegated to inform the inmate of the Chief Deputy's decision.  A document shall be placed in the inmate's jail file reflecting the appeal decision and the date and time the inmate was notified.  The Chief Deputy will sign this document.  If the inmate is dissatisfied with the outcome of the appeal, he or she may, within 24 hours, appeal the decision in writing to the Sheriff as set forth in the next paragraph.

c.  **Appeal to the Sheriff**.  The final appeal of a grievance is [to] the Sheriff.  The inmate must within 24 hours of a decision by the Chief Deputy, submit a written appeal to the Sheriff on a separate grievance form.  The appeal must state the nature of the grievance, the action taken, if any, by the jail staff, Jail Administrator, and/or Chief Deputy and the action the inmate wishes the Sheriff to take. Upon receipt of an appeal, the Sheriff shall determine whether the appeal has merit and take the action, if any, which is appropriate. Regardless of the decision, the Sheriff shall inform the inmate of the decision either personally, in writing, or through a member of the jail staff delegated to inform the inmate of the Sheriff's decision. A document shall be placed in the inmate's jail file reflecting the appeal decision and the date and time the inmate was notified.  The Sheriff or his designated representative will sign this document.

d.  Delegation of Appeal Authority.  The Sheriff, at his discretion, may designate any member of the Sheriff's Department that has not already made a decision regarding the inmate's grievance to act in lieu of the persons [previously] designated in [this section].

Doc. No. 12-2 at 36–39.

The record before the court demonstrates that Cobb had an administrative remedy available to him in the Elmore County Jail before the initiation of this case.  The undisputed evidentiary materials filed by the defendants further establish that Cobb failed to properly

exhaust this remedy prior to filing this federal civil action.  Specifically, despite the availability of a grievance procedure and his access thereto, Cobb did not file any grievances regarding the claims presented in the instant complaint pursuant to the jail's grievance procedure.  It is likewise clear that the administrative remedy is no longer available to Cobb as he failed to file any grievances within the time required by the grievance process.  Doc. 12-2 at 36 (inmate must submit his grievance within 14 days of the incident at issue).  Dismissal with prejudice is therefore appropriate.  *Bryant*, 530 F.3d at 1375 n.1; *Johnson*, 418 F.3d at 1157; *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) (holding that "[w]ithout the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Kerik*, 366 F.3d 85, 88 (2nd Cir. 2004) (footnotes omitted) (holding that inmate's "federal lawsuits [were] properly dismissed with prejudice" where previously available administrative remedies had become unavailable).

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendants' motion to dismiss be GRANTED to the extent the defendants seek dismissal of this case due to the plaintiff's failure to properly exhaust the administrative remedy previously available to him at the Elmore County Jail as to the claims presented herein prior to initiating this cause of action.

2.  This case be DISMISSED with prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for the plaintiff's failure to properly exhaust an administrative remedy before seeking relief from this court.

3.  Other than the filing fee assessed in this case, no further costs be taxed.

On or before **August 12, 2020** the parties may file objections to the Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 29th day of July, 2020.

_____
   /s/ Charles S. Coody
UNITED STATES MAGISTRATE JUDGE